**Lanyun LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72644.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 12, 2007.

John L. Ogletree, Esq., Law Office of John L. Ogletree, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Luis E. Perez, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

## MEMORANDUM **

Lanyun Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's and IJ's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition as to the asylum and withholding of removal claims; we grant the petition as to the CAT claim, and remand.

Substantial evidence supports the BIA's and IJ's denial of asylum based on an adverse credibility finding. The IJ's finding that Lin was unresponsive identified a particular instance in the record, thus supporting the adverse credibility finding. *See Singh v. Ashcroft,* 301 F.3d 1109, 1114 (9th Cir.2002). Lin testified inconsistently about the nature and cause of her medical condition, *see Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004), and her testimony was also inconsistent with medical records. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). Finally, in the absence of credible testimony, Lin's lack of corroborating evidence also undermines her claim. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

Because Lin failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We conclude that the IJ improperly conflated the requirements for CAT relief with the requirements for asylum and withholding of removal. *See Kamalthas v. INS,* 251 F.3d 1279, 1282–84 (9th Cir.2001) (explaining that CAT relief, unlike asylum and withholding, is not predicated upon torture on account of an enumerated ground).

Accordingly, we deny the petition as to the asylum and withholding of removal claims; grant as to the CAT claim, and remand, so that the BIA may determine whether petitioner is eligible for relief under the correct standard.

**PETITION FOR REVIEW DENIED in part; GRANTED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

